UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. MARCHIORI and
LORI A. MARCHIORI,

      Plaintiffs,

vs.                                                    Case No. 13-12858

FEDERAL NATIONAL MORTGAGE                HON. AVERN COHN
ASSOCIATION,

      Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**
**(Doc. 5)**
**AND**
**DISMISSING CASE**[1]

## I. INTRODUCTION

    This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings.  Plaintiffs James K. Marchiori and Lori A. Marchiori (the Marchioris) are suing Defendant Federal National Mortgage Association (Fannie Mae), making multiple claims relating to the mortgage and foreclosure proceedings.  Foreclosure by advertisement proceedings have concluded and the redemption period has expired.  Nevertheless, the Marchioris contend that they have a right to the property.  The complaint asserts the following claims:

        Count I        Fraudulent Misrepresentations

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count II        Violation of 15 U.S.C. § 1639(h)

Count III       Violation of the Federal Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (15 U.S.C. 1601, *et seq.*)

Count IV        Violation of MCL 600.3204, *et seq.*

Count V         Quiet Title

Now before the Court is Fannie Mae's motion to dismiss (Doc. 5). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

## II. BACKGROUND

This case involves real property located at 16261 Gordon Street, Fraser, Michigan (the "property"). On July 24, 2003, the Marchioris obtained a $152,400.00 loan from 1st National Financial (1st National) to finance the purchase of the property. The Marchioris executed a note evidencing the loan. As security for the loan, the Marchioris executed a mortgage in which they gave a mortgage interest to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for 1st National. The mortgage was recorded on September 5, 2003, Liber 14176, page 113, Macomb County Register of Deeds.

On November 4, 2011, MERS assigned its interest in the mortgage to JPMorgan Chase Bank, N.A. (Chase). The assignment was recorded on December 14, 2011, Liber 21033, page 157, Macomb County Register of Deeds.

The Marchioris defaulted on the loan. Chase, through its foreclosure counsel, Trott & Trott, P.C., began foreclosure by advertisement proceedings due to the Marchioris's default. Notice of the foreclosure was published on August 31, September 7, September 14, and September 21, 2012.

On September 28, 2012, Chase purchased the property at a foreclosure sale for

2

$148,000.74.

On October 16, 2012, Chase quitclaimed the property to Fannie Mae. The deed was recorded on November 5, 2012, Liber 21688, page 312, Macomb County Register of Deeds.

The Marchioris's right to redeem the property expired on March 28, 2013. They did not redeem.

On April 10, 2013, Fannie Mae commenced eviction proceedings in the State of Michigan 39th District Court. The Marchioris filed a counterclaim. The counterclaim was removed to Macomb County Circuit Court on stipulation of the parties and treated as a complaint. Fannie Mae then removed to this Court.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the

elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV.  ANALYSIS

Because the Marchioris are challenging a completed foreclosure sale, they must demonstrate fraud or an irregularity sufficient to unwind the sale under Michigan law. The Michigan Supreme Court's recent decision in *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98 (2012) instructs on the necessary showing required to set aside a completed foreclosure sale. The Supreme Court in *Kim* explained that, in order to set aside a foreclosure sale, the plaintiff must show that he was "prejudiced" by a defendant's failure to comply with Michigan's foreclosure by advertisement statute. *Kim*, 493 Mich. at 115. "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance

4

with the statute."  *Id.* at 116.

The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. *Id.* at 120–21.  These include:  (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." *Id.* at 121. (Markman, J. concurring) (internal quotation marks and citations omitted).

Here, the Marchioris had notice of the foreclosure sale and did nothing to preserve their interest in the property.  They made no effort to redeem the property.  Instead, they waited to raise several challenges to the loan, mortgage, and foreclosure process as a defense to a state court eviction action brought by Fannie Mae after the redemption period expired.  They have not made the requisite showing of fraud or irregularity to unwind the foreclosure sale.  With this in mind, each count of the complaint is considered separately below.

## A. Count I - Fraudulent Misrepresentations

In count I of the complaint, the Marchioris contend that Fannie Mae's predecessors falsely represented to them that they qualified for a loan.  According to the Marchioris, Fannie Mae's predecessors were untruthful in their representations because the Marchioris

5

did not qualify for a loan.  The Marchioris's argument does not hold water.

The Court has addressed and rejected a similar argument on at least two prior occasions.  *See Abo-Hassan v. Gold Star Mortg. Fin. Grp., Corp.*, No. 12-14421, 2013 WL 249603 (E.D. Mich. Jan. 23, 2013); *Jones v. Bayview Loan Servicing, LLC*, No. 12-13560, 2013 1395800 (E.D. Mich. April 5, 2013).  As the Court explained in *Abo-Hassan*,

> To the extent that any material misrepresentation was made, it was made by plaintiff, the signatory to the loan application, not defendant.  Further, the note clearly showed the monthly payments that plaintiff would be required to pay.  She did not object.  In fact, she made several payments on the loan without objecting that her monthly income was misrepresented on the loan application.  Her claim is belied by the loan application, the mortgage, and the note.

2013 WL 249603, at *2.

Like *Abo-Hassan*, the Marchioris's contention that they were persuaded to obtain a loan that they did not qualify for is specious.  It was the Marchioris who sought to obtain the loan, and they were the ones who made representations about their income and other qualifications.  In addition, the Marchioris made payments on the loan for ten years.  They do not explain how, if they truly did not qualify for a loan in 2003, they were able to make payments for ten years.

The Marchioris's fraudulent misrepresentation claim also fails because they have not satisfied the particularity requirements of Fed. R. Civ. P. 9(b).  In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (citation omitted).  The complaint fails

6

on all fronts.  First, the complaint does not state any specific statements that were made.  Rather, the Marchioris generally claim that they were told that they qualified for the loan although they did not.  Second, the complaint does not identify who made the statements or when and where the statements were made.  Instead, the complaint merely contends that the statements were made by Fannie Mae's "predecessor."  Most importantly, the complaint fails to contain any factual allegations explaining why any statements that were made were fraudulent.

Finally, the fraudulent misrepresentation count does not relate to anything that Fannie Mae did.  The Marchioris's claim that Fannie Mae's *predecessor* made false representations.  Fannie Mae is not vicariously liable for 1st National's or Chase's actions.  As Fannie Mae states in its motion to dismiss, "[n]othing alleged in the Complaint gives the Court any grounds to find that Fannie Mae can somehow be held liable for the acts or omissions of 1st National Financial or Chase."  (Doc. 5 at 17).[2]

## B. Count III - Violation of Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA)

Count III of the complaint states that Fannie Mae "made no attempt to give required notices and disclosures under the [RESPA] and/or the [TILA]."  The Marchioris's claim fails for two reasons.  First, Fannie Mae was not involved in the loan process.  The only involvement by Fannie Mae is that it purchased the property from Chase after the

_____

[2] For all of these same reasons, count II, Violation of 15 U.S.C. § 1639, also fails to state a claim upon which relief can be granted.  Under § 1639(h), "[a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages . . . without regard to the consumers' repayment ability. . . ."  The Marchioris make the same argument that they should have never been approved for a loan because they did not qualify for it.  As discussed above, this argument fails to persuade.

7

foreclosure sale.   Second, even if Fannie Mae was involved in the loan process and violated the RESPA and the TILA, both the RESPA and the TILA provide for a one-year statute of limitations.  *See* 12 U.S.C. § 2614 (RESPA); *Egeger v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009) (same); 15 U.S.C. § 1640(e) (TILA); *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (same).  Because the loan was extended to the Marchioris in 2003, their claim under the RESPA and the TILA is time-barred and should have been brought nine years ago.  Under these facts, the Marchioris have not established that equitable tolling of the statute of limitations is appropriate.

**C. Count IV - Violation of Mich. Comp. Laws § 600.3204, et seq.**

In count IV, the Marchioris claim that Fannie Mae instituted foreclosure proceedings without giving proper notices or informing them that they qualified for a loan modification. As explained above, Fannie Mae was not involved in the foreclosure proceedings.  Fannie Mae purchased the property *after* the foreclosure proceedings.

In addition, the Marchioris cannot void the now completed foreclosure sale by simply claiming that they did not receive notice that they qualified for a loan modification.  They have failed to allege fraud sufficient to unwind the foreclosure proceedings.

**D. Count V - Quiet Title**

Because the Marchioris have not made a showing of fraud sufficient to unwind the foreclosure proceedings, they are not entitled to quiet title to the property.  *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991, at *3 (6th Cir. March 18, 2013) (explaining that quiet title is a remedy that first requires a showing of fraud or irregularity).

8

## V.  CONCLUSION

For the reasons stated above, Fannie Mae's motion to dismiss was granted.


SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 10, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 10, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160